# SUPER LAW GROUP, LLC

December 7, 2023

**VIA ECF**

Honorable Lawrence E. Kahn
United States District Court, Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 424
Albany, NY 12207-2926

      Re:    *Sierra Club, Inc., et al. v. Ben Weitsman & Son, Inc., et al.*
              1:21-cv-00546-LEK-DJS,
              Unopposed Motion to Enter Consent Decree

Dear Judge Kahn,

      Super Law Group, LLC, represents Plaintiffs Sierra Club, Inc., and Riverkeeper, Inc., in the above-referenced action. Plaintiff, with the consent of Defendants Upstate Shredding, LLC; Weitsman Shredding, LLC; Weitsman Recycling, LLC; Ben Weitsman of Albany, LLC; Ben Weitsman of Ithaca, LLC; Ben Weitsman & Son of Syracuse, LLC; Ben Weitsman & Son of Rochester, LLC; Ben Weitsman of Hornell, LLC; Ben Weitsman & Son of Jamestown, LLC; and Ben Weitsman of Allegany, LLC (collectively, the "Parties"), respectfully move the Court to enter the attached proposed Consent Decree.

      On October 23, 2023, the Parties notified the Court that the Parties had agreed to a settlement of this case via a proposed Consent Decree. Dkt. No. 60. The Parties informed the Court of a required forty-five (45) day review period mandated by the Clean Water Act ("CWA") and its regulations, to allow the United States to review the proposed Consent Decree. 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(b).

      Counsel for Plaintiffs subsequently provided copies of the fully-executed proposed Consent Decree to the United States Department of Justice ("DOJ") and the United States Environmental Protection Agency ('EPA"). On November 27, 2023, DOJ submitted a letter to the Parties to forward to the Court, attached here as Exhibit 1, notifying the Court that "the United States has reviewed the proposed consent judgment in this action and does not object to its entry by the Court." Thus, the Parties have complied with all the Clean Water Act's procedural requirements.

      The Second Circuit has recognized a "strong judicial policy in favor of settlements." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In examining a consent decree proposed to resolve a citizen suit, "a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Cub, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citing *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)).

Motion to Enter Consent Decree
December 7, 2023
Page 2 of 2

In the context of the Clean Water Act, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Often, voluntary compliance with environmental regulations will "contribute significantly toward ultimate achievement of statutory goals" by reducing the cost of environmental compliance. *Patterson v. Newspaper & Mail Deliverers' Union*, 514 F.2d 767, 771 (2d Cir. 1975). Ultimately, settlements encourage informal resolution of disputes, allowing the parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010).

In its Complaint, Plaintiffs alleged that Defendants were violating the CWA by discharging polluted stormwater from its industrial facilities into various waters across the state of New York in violation of their authorization under New York's Multi-Sector General Permit for Stormwater Discharges Associated with Industrial Activity (Dkt. No. 1) which the Defendants denied. The proposed Consent Decree reflects that Defendants regardless have since conferred with the Plaintiffs and have enhanced stormwater pollution prevention measures at the facilities, will be implementing additional such measures, revised Stormwater Pollution Prevention Plans ("SWPPPs"), and will be augmenting their stormwater monitoring programs in consultation with the Plaintiffs. In addition, Defendants are required to pay an Environmental Benefit Payment in the total amount of $455,000 for use on projects relating to water quality improvements in the waters of New York.

These terms are fair, reasonable, and adequate. By assisting the Defendants to enhance their stormwater control measures and update their SWPPPs, and including an oversight compliance process for the Parties to continue to work together on potentially appropriate future modifications to the facilities' stormwater management programs, the proposed Consent Decree remedies the specific statutory violations alleged in the Complaint and ensures that the facilities will remain in compliance with their permit and the Clean Water Act moving forward. As evidenced by DOJ's review and approval, the Consent Decree is in accordance with public policy. The Court should enter the proposed Consent Decree and resolve this dispute because doing so will further the CWA's twin policy aims of protecting the health of our nation's waterways and reducing the cost of environmental compliance.

For the reasons stated above, Plaintiffs respectfully moves the Court to enter the concurrently submitted proposed Consent Decree by signing on page 22 and then e-filing the so-ordered Consent Decree. Defendants' counsel, Doreen A. Simmons, Esq., consents to the request to enter the proposed Consent Decree.

Sincerely,

Douglas J. Chermak
Attorneys for Plaintiffs

cc: All Counsel of Record (via ECF)